UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KERRY COX,                                            No. 3:13-cv-00587-HU

       Plaintiff,                              **FINDINGS AND**
                                                      **RECOMMENDATION**

  v.

THE HOME DEPOT U.S.A., INC., dba
HOME DEPOT NUMBER 4010, a
Delaware corporation licensed to
do business in the state of
Oregon, and JOHN DOE,

       Defendants.

_____

Alex C. Dunn
DUNN & ROY, P.C.
1515 State Street
Salem, OR 97301
Telephone: (503) 364-8488

    Attorney for Plaintiff

Dennis G. Woods
Joshua S. Baker
SCHEER & ZEHNDER LLP
101 SW Main St., Suite 1600
Portland, OR 97204
Telephone: (503) 542-1200

    Attorney for Defendant

Page 1 - FINDINGS AND RECOMMENDATION

1  HUBEL, Magistrate Judge:

2      In this premises liability action, Plaintiff Kerry Cox

3  ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure

4  ("Rule") 15(a), for leave to amend his complaint in order to

5  substitute a named defendant for the Doe defendant and to remand

6  the case on the ground that the newly-named defendant would defeat

7  diversity jurisdiction.  For the reasons that follow, Plaintiff's

8  motion (Docket No. 8) to remand this case Multnomah County Circuit

9  Court should be granted and Plaintiff's motion (Docket No. 10) to

10 substitute a named defendant for the Doe defendant should be

11 granted.

## I. FACTS AND PROCEDURAL HISTORY

13     On May 14, 2011, Plaintiff went to purchase concrete blocks at

14 Defendant Home Depot, Inc.'s ("Home Depot") Hillsboro, Oregon

15 store.  Since the concrete blocks were not located within arms

16 reach, Plaintiff requested assistance from Home Depot's employee,

17 John Doe.  In an attempt to reach the blocks, John Doe stood on a

18 pile of lumber near the shelving, which ultimately spilled out from

19 underneath him.  One of the pieces of lumber struck Plaintiff in

20 the lower leg and caused him to lose his balance and begin to fall.

21 At that point, "Plaintiff twisted and grabbed onto his cart in

22 order to prevent himself from falling to the ground." (Compl. ¶

23 5.)  Plaintiff claims that "[t]he twisting motion caused [him]

24 significant and severe injury . . . and was due to the negligence

25 of Defendant John Doe," (Compl. ¶ 5), who was "acting within the

26 course and scope of his employment."  (Compl. ¶ 2.)

27     On March 5, 2013, Plaintiff filed a negligence suit against

28 Home Depot and its unnamed employee in Multnomah County Circuit

Page 2 - FINDINGS AND RECOMMENDATION

1   Court.  (Baker Decl. ¶ 1; Compl. at 4.)  "Home Depot was [also]

2   served on or about March 5, 2013." (Baker Decl. ¶ 3.) On April 5,

3   2013, Home Depot removed the case to federal court on the basis of

4   diversity of citizenship. According to the notice of removal, Home

5   Depot is a corporation organized and existing under the laws of

6   Delaware with its principal place of business in Georgia, the Doe

7   defendant is "allegedly" a citizen of Oregon, and Plaintiff is a

8   citizen of Oregon.[1]  The notice of removal also states that the

9   amount in controversy exceeds $75,000. On June 28, 2013, Plaintiff

10  filed the motion to remand and motion to substitute a named

11  defendant for the Doe defendant, which are now before the Court.

## II. LEGAL STANDARD

13      Under the federal removal statute, "[a]ny civil action may be

14  removed to federal district court so long as original jurisdiction

15  would lie in the court to which the case is removed." *Matheson v.*

16  *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)

17  (citing 28 U.S.C. § 1441(a)).  District courts generally have

18  original jurisdiction over all civil actions (1) "arising under the

19  Constitution, laws, or treaties of the United States," 28 U.S.C. §

20  1331, and (2) "where the matter in controversy exceeds the sum or

21  value of $75,000" and there is complete diversity of citizenship.

22  28 U.S.C. § 1332(a).  "A notice of removal must be filed within

23  thirty days of receiving the initial pleading setting forth the

24

25      [1] "[B]ecause 'John Doe' is being sued under a fictitious name,

26  his or her citizenship as it pertains to diversity is disregarded."
    *Barrus v. Recontrust Co., N.A.*, No. C11-618-RSM, 2011 WL 2360206,

27  at *2 (W.D. Wash. June 9, 2011); *see also* 28 U.S.C. § 1441(a) ("For
    purposes of removal under this chapter, the citizenship of

28  defendants sued under fictitious names shall be disregarded.")

1  claim for relief, and in a case based upon diversity jurisdiction,
2  the notice of removal must be filed within thirty days from which
3  it was ascertained the case was removable, but not more than one
4  year after the commencement of the action." *Oliver v. McNeil-PPC,*
5  *Inc.*, No. 1:12-cv-01865-AWI-SAB, 2013 WL 459630, at *2 (E.D. Cal.
6  Feb. 4, 2013) (citing 28 U.S.C. § 1446(b)).

7      A district court may remand an action to state court for lack
8  of subject matter jurisdiction or a defect in the removal
9  procedure. *See* 28 U.S.C. § 1447(c). "A motion to remand the case
10  on the basis of any defect other than lack of subject matter
11  jurisdiction must be made within 30 days after the filing of the
12  notice of removal under section 1446(a)." *Id.* "The burden of
13  establishing federal jurisdiction is on the party seeking removal,
14  and the removal statute is strictly construed against removal
15  jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d
16  1261, 1265 (9th Cir. 1999), *overruled on other grounds, Abrego*
17  *Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). The
18  party seeking removal also has the burden of showing that it has
19  complied with the procedural requirements for removal. *Schwartz v.*
20  *FHP Int'l Corp.*, 947 F. Supp. 1354, 1360 (D. Ariz. 1996).

21                          **III. DISCUSSION**

22      Before addressing the merits of Plaintiff's motions, the Court
23  notes that "[u]ntimeliness of removal does not allow the court to
24  sua sponte remand the action . . . because an untimely removal
25  notice is a non-jurisdictional procedural defect that may be waived
26  by a party failing to raise it." *McGuire v. California*, No. C-09-
27  5918, 2011 WL 97736, at *1 (N.D. Cal. Jan. 12, 2011); *see also*
28  *Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*,

Page 4 - FINDINGS AND RECOMMENDATION

1  346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e hold that the district
2  court cannot remand sua sponte for defects in removal procedure.")
3  Even if this issue had been raised by Plaintiff, however, the Court
4  would nonetheless conclude that the challenge was untimely. *See* 28
5  U.S.C. § 1447(c) ("A motion to remand the case on the basis of any
6  defect other than lack of subject matter jurisdiction must be made
7  within 30 days after the filing of the notice of removal under
8  section 1146(a)."); *see also Orange County Water Dist. v. Unocal*
9  *Corp.*, 584 F.3d 43, 49 n.11 (2d Cir. 2009) ("If the thirty-day
10 deadline under 28 U.S.C. § 1447(c) is applicable, then
11 [Plaintiff]'s remand motion was untimely because it was filed more
12 than thirty days after the notice of removal was filed in District
13 Court of the Central District of California.")

14     Whether this case should be remanded for lack of subject
15 matter jurisdiction turns on whether Plaintiff is granted leave to
16 amend the complaint in order to substitute a named defendant for
17 the fictional Doe defendant. *See Lincoln Prop. Co. v. Roche*, 546
18 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis
19 of diversity of citizenship if there is complete diversity between
20 all named plaintiffs and all named defendants, and no defendant is
21 a citizen of the forum State."); *see also Loid v. Computer Scis.*
22 *Corp.*, No. CV-12-5144-EFS, 2013 WL 808696, at *6 (E.D. Wash. Mar.
23 5, 2013) ("Because the Jarrett Defendants, like Plaintiffs, are
24 residents of [the forum State], complete diversity of citizenship
25 is not present in this case, and the Court therefore lacks
26 subject-matter jurisdiction under 28 U.S.C. § 1332.")

27     Home Depot contends that the Court should not grant
28 Plaintiff's motion for leave to amend because it is futile. More

Page 5 - FINDINGS AND RECOMMENDATION

1  specifically, Home Depot argues that substituting the Doe defendant
2  would be futile because (1) two years have elapsed since May 14,
3  2011, the date Plaintiff was injured as a result of the Doe
4  defendant's alleged negligence, *see* OR. REV. STAT. § 12.110(1)
5  (negligence claims governed by two-year statute of limitations),
6  and (2) the Doe defendant would not qualify for relation-back under
7  Rule 15(c).

8       In his moving papers, Plaintiff seems to suggest that Home
9  Depot's counsel employed dilatory tactics during discovery to
10 prevent him from learning the Doe defendant's identity within the
11 statute of limitations period.  As Plaintiff points out, in his
12 first request for production of documents, which was mailed to Home
13 Depot's counsel on April 23, 2013, Plaintiff sought "the identity
14 and address of Defendant John Doe, including but not limited to a
15 copy of Defendant John Does [sic] driver's license." (Mem. Supp.
16 Pl.'s Mot. Substitute at 2.)  At some unspecified time after that,
17 Home Depot's counsel, one of whom apparently represents the Doe
18 defendant (i.e., Joshua Baker, who filed the notice of removal in
19 this proceeding and is listed as counsel of record for Home Depot
20 on the District of Oregon's electronic filing system), "objected to
21 production of the address of Defendant John Doe and to this date
22 has not provided any documents containing the address of Defendant
23 Doe."  (Mem. Supp. Pl.'s Mot. Substitute at 2-3.)[2]

24

25 ─────────────────
   [2] In late June 2013, after some back-and-forth between
26 opposing counsel, Home Depot stipulated that the Doe defendant "was
   domiciled in the State of Oregon at the time of the alleged
27 incident." (Pl.'s Mot. Substitute at 2.)  As discussed above,
   however, Plaintiff was never provided with the information
28 necessary in order to effect service of process.

Page 6 - FINDINGS AND RECOMMENDATION

1     Under Oregon Revised Statute ("ORS") 12.150, a statute of

2 limitations is tolled "upon proof of absence or concealment." *Or.*

3 *Recovery, LLC v. Lake Forest Equities, Inc.*, 229 Or. App. 120, 125

4 (2009).  ORS 12.150 provides:

> If, when a cause of action accrues against any person,
> the person is out of the state and service cannot be made
> within the state or the person is concealed therein, such
> action may be commenced within the applicable period of
> limitation in this chapter after the return of the person
> into the state, or after the termination of the
> concealment of the person; and if, after a cause of
> action has accrued against a person, the person shall
> depart from and reside out of this state, or if the
> person is concealed therein, the time of the absence or
> concealment of the person shall not be deemed or taken as
> any part of the time limited for the commencement of such
> action.

12 Or. Rev. Stat. § 12.150.

13     ORS 12.150 "applies only to Oregon residents and does not

14 apply to a foreign defendant." *Houston v. Sheration Centro*, Civ.

15 No. 05-3092-CL, 2007 WL 2492370, at *3 (D. Or. Aug. 24, 2007). "The

16 objective of the statute is not to assure that service can be

17 effected, but to assure that a plaintiff's ability to bring a

18 timely action is not defeated or frustrated by the inaccessibility

19 of the defendant." *Herzberg v. Moseley Aviation, Inc.*, 156 Or.

20 App. 1, 5 (1998).  Indeed, as the Ninth Circuit explained in

21 *Bancorp Leasing & Financial Corp. v. Agusta Aviation Corp.*, 813

22 F.2d 272 (9th Cir. 1987): "This Oregon tolling statute is intended

23 to protect a plaintiff from the statute of limitations running on

24 his claim while he is unable to locate the defendant." *Id.* at 275.

25     Oregon case law concerning the application of ORS 12.150 is

26 quite sparse and research has not revealed a case addressing facts

27 similar to those alleged here.  But courts outside this

28 jurisdiction have tolled statute of limitations when faced with

Page 7 - FINDINGS AND RECOMMENDATION

somewhat analogous predicaments. *Lafferty v. Alan Wexler Agency, Inc.*, 393 Pa. Super 400 (1990), is one example:

> The question presented in this [premises liability] case is under what circumstances a plaintiff should be permitted to amend her complaint to substitute a new defendant for the defendant named in the original complaint, once the statute of limitations has run. We find that the statute of limitations is tolled where a defendant actively conceals the identity of the party against whom a plaintiff intends to bring a cause of action.

*Id.* at 401. *Sattler v. Bailey*, 184 W. Va. 212 (1990), is another:

> The general statute of limitations . . . is tolled, with respect to an undiscovered wrongdoer, . . . when despite the due diligence of the injured person to discover the identity of all the wrongdoers, the identity of one or more of them is hidden by words or acts constituting affirmative concealment, that is, a 'cover-up.' Tolling of the statute of limitations with respect to an undiscovered wrongdoer is especially appropriate in a case in which, as part of the cover-up, the injured person is impeded in discovering the identity of the wrongdoer in question . . . .

*Id.* at 229 (internal citations omitted).

The California Supreme Court's decision in *Bernson v. Browning-Ferris Industries*, 7 Cal. 4th 926 (1994), is also instructive for the purposes of the present case. That decision speaks for itself and merits quoting at length:

> [T]he equitable principle that a defendant who intentionally conceals his or her identity may be equitably estopped from asserting the statute of limitations to defeat an untimely claim, has been widely embraced. . . .
>
>              . . . .
>
> . . . [W]here the bar becomes a sword rather than a shield, wielded by a party that has intentionally cloaked its identity, factors of fairness and unjust enrichment come into play, which courts are bound to consider in equity and good conscience. As we long ago observed, [t]he statute of limitations was intended as a shield for defendant's protection against stale claims, but he may not use it to perpetrate a fraud upon otherwise diligent suitors.

Page 8 - FINDINGS AND RECOMMENDATION

1          . . . One should not profit from one's own
2     wrongdoing. Accordingly, we hold that a defendant may be
      equitably estopped from asserting the statute of
3     limitations when, as the result of intentional
      concealment, the plaintiff is unable to discover the
4     defendant's actual identity. . . . [U]nder the
      circumstances described, the statute may be equitably
      tolled.
5
          The rule of equitable estoppel includes, of course,
6     the requirement that the plaintiff exercise reasonable
      diligence. Thus, under our holding the statute will toll
7     only until such time that the plaintiff knows, or through
      the exercise of reasonable diligence should have
8     discovered, the defendant's identity. . . .

9          One factor which must be considered pertinent to the
      diligence inquiry is whether the filing of a timely Doe
10    complaint would, as a practical matter, have facilitated
      the discovery of the defendant's identity . . . . Where
11    the identity of at least one defendant is known, for
      example, the plaintiff must avail himself of the
12    opportunity to file a timely complaint naming Doe
      defendants and take discovery. However, where the facts
13    are such that even discovery cannot pierce a defendant's
      intentional efforts to conceal his identity, the
14    plaintiff should not be penalized.

15    *Id.* at 934-38 (citation and internal quotation marks omitted;

16    brackets deleted).

17         The objective and intent of ORS 12.150, and the reasoning

18    underlying the aforementioned decisions, convinces the Court that

19    the statute of limitations on Plaintiff's negligence claim was

20    tolled.  Although Plaintiff did not mail his first request for

21    production of documents until April 23, 2013 (arguably, three weeks

22    before the running of the statute of limitations), the Doe

23    defendant's participation in this litigation should not turn on the

24    fact that Home Depot's counsel never provided Plaintiff with

25    identifying information.  To rule otherwise here would incentivize

26    gamesmanship, not promote decisions on the merits.  Indeed, the Doe

27    defendant is represented by Home Depot's counsel, who could have

28

Page 9 - FINDINGS AND RECOMMENDATION

1  easily provided the identifying information prior to the alleged
2  expiration of the statute of limitations.

3      In summary, Plaintiff's motion to substitute a named defendant
4  for a Doe defendant should be granted because this action is not
5  time-barred, which in turn means there is no need for relation
6  back. *Cf. Korbe v. Hilton Hotels Corp.*, Civ. No. 08-1309-PK, 2009
7  WL 723348, at *5 (D. Or. Mar. 13, 2009) ("If an action is not
8  time-barred under the state statute of limitations scheme, there is
9  no need for relation back and Rule 15(c) simply does not come into
10 play.")  Since diversity jurisdiction is no longer present, this
11 case should be remanded to Multnomah County Circuit Court.  The
12 Court should deny Plaintiff's request for attorney's fees under 28
13 U.S.C. § 1447(c) because of the dearth of authority in Oregon on
14 these issues, and because Home Depot had an objectively reasonable
15 basis for removal.  *See Martin v. Franklin Capital Corp.*, 546 U.S.
16 132, 136 (2005) ("[A]bsent unusual circumstances, attorney's fees
17 should not be awarded when the removing party has an objectively
18 reasonable basis for removal.")

19                          **IV. CONCLUSION**

20      For the reasons stated, Plaintiff's motion (Docket No. 8) to
21 remand this case Multnomah County Circuit Court should be granted
22 and Plaintiff's motion (Docket No. 10) to substitute a named
23 defendant for a Doe defendant should be granted.

24                       **V. SCHEDULING ORDER**

25      The Findings and Recommendation will be referred to a district
26 judge.  Objections, if any, are due **November 12, 2013.**  If no
27 objections are filed, then the Findings and Recommendation will go
28 under advisement on that date.  If objections are filed, then a

Page 10 - FINDINGS AND RECOMMENDATION

response is due **November 29, 2013.**  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 23rd day of October, 2013.

/s/ Dennis J. Hubel
_____
DENNIS J. HUBEL
United States Magistrate Judge